### SINCLAIR v. HIGGINS.

(Supreme Court, Appellate Division, Second Department.   January 26, 1906.)

TROVER AND CONVERSION—TRIAL—QUESTIONS FOR JURY.

Where there was evidence that a transaction by which plaintiff intrusted to defendant money which the latter appropriated to his own use was not, in fact, a loan, but was based on a promise by defendant to invest the money for plaintiff in certain securities, the question whether the transaction was a loan, or whether defendant was guilty of a conversion, was one for the jury, although the form of the papers evidencing the transaction indicated a loan.

[Ed. Note.—For cases in point, see vol. 47, Cent. Dig. Trover and Conversion, §§ 289, 290.]

Appeal from Trial Term, Kings County.

Action by James Clarence Sinclair against Cecil Campbell Higgins. From a judgment dismissing the complaint, and from an order denying a new trial (93 N. Y. Supp. 195), and from a further order granting defendant an additional allowance by way of costs, plaintiff appeals. Reversed.

Plaintiff claimed that he had intrusted $10,000 to defendant, an attorney at law for investment in a water company in Westchester county; that defendant did not invest the money, and refused to return the same to plaintiff, after demand; that the defendant said that if plaintiff "would put $10,000 into this thing, they could tie it up, and get control of it, and make considerable money out of it," and that he "would give plaintiff $10,000 profit from the proceeds"; that in order to induce plaintiff to invest the money, and as part of the fraudulent scheme, defendant gave plaintiff 10 alleged bonds of Tintern Manor Water Company as pretended security, and a note of $20,000 made by defendant to the order of one Jennings. Plaintiff afterwards ascertained that the bonds were stolen, and defendant now pleads that the note is usurious on the theory that the transaction was a loan. The trial judge held that the action is one to recover damages for false and fraudulent representations, and dismissed the complaint, because of plaintiff's alleged failure of proof.

Argued before JENKS, HOOKER, RICH, and MILLER, JJ.

I. R. Oeland (S. S. Myers, on the brief), for appellant.
Frank E. Blackwell, for respondent.

PER CURIAM. If the action is capable of being regarded only as a suit to recover damages for false and fraudulent representations, the reasons given by the learned trial judge in support of his disposition of the case might be deemed satisfactory. It seems to us, however, that it may fairly be viewed as an action for conversion, based on the alleged promise of the defendant to invest the plaintiff's $10,000 for him in a water company, his acknowledged failure to do so, and his retention of the money to his own use. Certainly there is some evidence of such a promise; the defendant admits that he did not invest the money for the plaintiff at all, and his assertion that it was a loan is an implication, if any further evidence than his failure to return it were needed, that he has applied the money to his own purposes. We think there was a question for the jury, and that the complaint should not have been dismissed. The judge was not authorized to decide, as matter of fact, that the transaction was in reality a loan, in view of the plaintiff's testimony tending to show that such was not its true character; the circumstance that the form of the papers indicated a loan was not conclusive.

The plaintiff appears to have fared rather hardly in this litigation. He has parted with $10,000, without receiving any value for it, to a stranger who makes no substantial excuse or apology for not repaying the money, and who has succeeded in imposing a penalty of $250 upon the plaintiff, in the shape of an additional allowance by way of costs, for trying to get it back.

The judgment and both orders should be reversed.

Judgment and orders reversed, and new trial granted; costs to abide the event.